UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SACK, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>NORTH EAST MEDICAL SERVICES, et al.,<br><br>         Defendants. | Case No. 16-cv-05505-MEJ<br><br>**ORDER APPOINTING GUARDIAN AD LITEM**<br><br>Re: Dkt. No. 15 |

Plaintiffs Michael Sack, Jeong Hee Sack, and their minor child, S.S.S. (together, "Plaintiffs"), have filed a complaint against the United States of America, the United States Department of Health and Human Services, North East Medical Services ("NEMS"), and Dr. Grace Fuong, M.D. ("Fuong") (together, "Defendants"). *See* Compl., Dkt. No. 1. They allege Dr. Fuong failed to timely diagnose S.S.S.' appendicitis, such that his appendix ruptured and could not be removed when finally diagnosed. *Id*. at 3. They bring this action under the Federal Tort Claims Act for personal injuries they sustained as a result of alleged medical negligence in the diagnosis and treatment of S.S.S. *See generally id.* Pending before the Court is Plaintiffs' ex parte petition to appoint Michael Sack as a guardian ad litem for S.S.S. *See* Pet., Dkt. No. 15.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also Bhatia v. Corrigan*, 2007 WL 1455908, at *1 (N.D. Cal. May 16, 2007) (when a minor is a litigant, courts have "a duty to ensure that [the] minor's interest[s] are protected."). Pursuant to Rule 17(c), a district court must appoint a guardian ad litem (or issue another appropriate order) to protect an unrepresented minor. Fed. R. Civ. P. 17(c)(2). "[A] parent who is also a party to the lawsuit is presumed to be a suitable representative, and so the

court often appoints the parent as guardian ad litem upon receipt of an ex parte application without exercising much discretion." *Brown v. Alexander*, 2015 WL 7350183, at *1 (N.D. Cal. Nov. 20, 2015) (citing *Bhatia*, 2007 WL 1455908, at *1).  If a parent has an actual or potential conflict of interest with the child, however, the parent cannot be appointed as guardian ad litem.  *Id*.  After appointing a guardian ad litem, the court has a continuing obligation to supervise the guardian's work, and may remove the guardian if a conflict of interest develops between the parent and child.  *Id.* at *1-2 (removing guardian ad litem based on conflict).

Based on the record before it, the Court finds Michael Sacks should be appointed as guardian ad litem to protect S.S.S.  S.S.S. is ten years old.  Pet. ¶ 1.  He has no general guardian and no previous petition for the appointment of a guardian ad litem has been filed in this action.  *Id*. ¶ 3.  There is no indication, based on the allegations in the Complaint and the Petition, that an actual conflict of interest exists or could potentially develop between S.S.S. and his father.

Accordingly, the Court **GRANTS** Plaintiff's petition and **APPOINTS** Michael Sacks as guardian ad litem for his son, S.S.S.

**IT IS SO ORDERED.**

Dated: October 7, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge