UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SACK, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>US DEPT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-05505-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 33 |

## INTRODUCTION

Pending before the Court is Defendant the United States' Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on the ground that the claim is time-barred. Plaintiffs Michael Sack, Jeong Hee Sack, and N.S.S. (collectively, "Plaintiffs") filed an Opposition (Dkt. No. 34) and Defendant filed a Reply (Dkt. No. 35). The Court previously vacated the hearing and took the matter under submission. Dkt. No. 36. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On December 10, 2012, N.S.S. sought treatment at North East Medical Services ("NEMS"), a federal government public entity and duly licensed medical clinic.[1] Second Am. Compl. ("SAC") ¶¶ 4, 7, Dkt. No. 32. Dr. Grace Fuong, a pediatrician employed by NEMS, saw N.S.S. and referred N.S.S. to a hospital emergency room to rule out appendicitis. *Id.* ¶ 7. N.S.S. went to the emergency room. *Id.* He returned to NEMS on December 11, 2012. *Id.* N.S.S. was

---

[1] A federally-funded "health center" is an "entity that serves a population that is medically underserved, or a special medically underserved population" comprised of certain groups. 42 U.S.C. § 254b.

told the origin of his distress was unknown and to return home. *Id.* On December 13, 2012, he was admitted to the California Pacific Medical Center Emergency room for what at that time may have been, or what eventually became, a ruptured appendix. *Id.* Because N.S.S.' disease was in its advanced stages when it was diagnosed, his appendix could not be removed. *Id.* ¶ 9. N.S.S. suffered a life-threatening condition and spent several days in the hospital's pediatric intensive care unit. *Id.*

On July 3, 2014, Plaintiff[2] served notice to Dr. Fuong and NEMS of his intent to sue them for medical negligence, but received no response. *Id.* ¶ 6. Plaintiff served the same notice on December 3, 2014, to which he received a response on December 11, 2014. *Id.*

Plaintiffs mailed a number of documents to NEMS on December 8, 2014. *See* Torres Decl. ¶ 3 & Ex. A (Letter), Dkt. No. 35-1. NEMS forwarded the Letter to counsel for the United States Department of Health and Human Services ("HHS"), Meredith Torres, who received it December 9, 2014. *Id*. ¶ 4. Torres emailed Plaintiffs on December 11, 2014 to advise them that Plaintiffs "were required to submit an administrative claim before filing suit against the United States, but had not done so." *Id*. ¶¶ 4-5 ("I emailed to letter directly to Plaintiff's attorney on December 11, 2014, to ensure timely delivery. I . . . sent the courtesy letter by the fastest means available (e-mail) in response to their notice of intent received by my office on December 9, 2014."). Torres provided information on how to submit a claim: "This included a fax number." *Id*. ¶ 6; Aberegg Decl. ¶ 3 & Ex. B (attaching email from Torres), Dkt. No. 34-1. Plaintiffs do not allege they submitted a claim by fax, and Torres declares she is not aware that they did. *See* SAC; Torres Decl. ¶ 6. On Friday, December 12, 2014, Plaintiffs' attorney instead sent their administrative tort claim to HHS via "priority overnight" Federal Express ("FedEx") shipping. Aberegg Decl. ¶ 4 & Ex. C; Stip. of Facts ¶ 1, Dkt. No. 27-1. FedEx attempted to deliver the tort claim on Saturday, December, 13, 2014, during HHS off-business hours; because HHS was closed, FedEx did not deliver the tort claim and returned the package to its delivery center. Stip.

---

[2] Although there are multiple Plaintiffs in this action, the SAC only refers to a single Plaintiff and does not identify which one.

of Facts ¶¶ 2-3; Aberegg Decl. ¶ 6 ("The Federal Express delivery person called me on Saturday and informed me that the 'building was closed' and there was no way to drop off or deliver the package on Saturday, December 13, 2014."). FedEx successfully delivered the tort claim to HHS on Monday, December 15, 2014. Stip. of Facts ¶ 4.

Plaintiff's tort claim was based on the aforementioned events. SAC ¶ 6. Plaintiff sought $400,000 for N.S.S.; $200,000 each for his father, Michael Sack, and his mother, Jeong Hee Sack. *Id.* These claims were denied on June 25, 2015. *Id.* On December 23, 2015, Plaintiff filed with HHS a request for reconsideration, which was denied on March 28, 2015. *Id.*

Plaintiffs initiated this action on September 27, 2016, asserting Federal Tort Claims Act ("FTCA") claims against NEMS, the United States of America, the United States Department of Health and Welfare, and Dr. Fuong. *See* Compl., Dkt. No. 1.

Plaintiffs filed their First Amended Complaint ("FAC") on December 22, 2016, asserting claims under the FTCA. Dkt. No. 20. The FTCA "immunizes United States employees from liability" for negligent or wrongful acts committed within the scope of their employment. *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993). A patient who alleges acts of medical malpractice by a health center cannot sue the health center or the provider(s) directly, but must file the claim against the United States Government. 42 U.S.C. § 233; 28 U.S.C. § 2679(d). On February 27, 2017, Plaintiffs therefore voluntarily dismissed NEMS, Dr. Fuong, and HHS. Dkt. No. 26. Defendant moved to dismiss the FAC. Dkt. No. 27. The parties subsequently stipulated to (1) the United States' withdrawal of the motion, (2) Plaintiffs' amendment of the FAC, and (3) a renewed motion to dismiss. Dkt. No. 31.

In accordance with the Stipulation, Defendant filed the instant Motion to Dismiss the SAC.

**LEGAL STANDARD**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough

facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**REQUEST FOR JUDICIAL NOTICE**

In support of its Reply, Defendant asks the Court to take judicial notice of pages from NEMS' website, as highlighted by Defendant. *See* Dkt. No. 35-2. Because the Court does not rely upon these documents to reach its conclusion, the request is denied as moot.

**DISCUSSION**

The FTCA requires a person to present a claim "in writing to the appropriate Federal agency within two years after such claim accrues," or the claim is "forever barred." 28 U.S.C. § 2401(b). A personal injury claim under the FTCA accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action. *Id.* For purposes of the Motion only, the parties agree that N.S.S.'s injury occurred on December 13, 2012, and that the final day to "present" the claim in compliance with the FTCA was December 13, 2014. *See* Mot. at 3 n.3; Opp'n at 3.[3] Defendant argues Plaintiffs failed to present their FTCA claim for negligent malpractice to HHS by December 13, 2014, and that the claim is forever barred. *See* Mot. Plaintiffs argue their claim was timely presented for three reasons: (1) Plaintiffs' tort claim was "presented" to HHS on December 13, 2014 when FedEx first attempted to deliver it; (2) equitable tolling is available to FTCA claimants and can extend presentment limitation periods; and (3) Rule 6(a) applies to the calculation of the FTCA claims-presentation deadline, making Monday, December 15, 2014 the last day to timely present their claims. While the Court rejects Plaintiffs' first two arguments, it finds Rule 6(a) applies and makes the presentation of their claim timely.

**A.  Presentation by Attempted Delivery**

Plaintiffs' tort claim was not "presented" to HHS on December 13, 2014 because HHS did not receive it on that date. A claim is only presented under the FTCA when it is actually "received" by the agency. 28 C.F.R. § 14.2(a) ("[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification[.]"). The rule in this Circuit is clear: to be timely "presented" under the FTCA, a claim must be "received by the agency, as the statute and the regulation require, within two years." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1251 (9th Cir. 2006).

On Saturday, December 13, 2014, FedEx attempted delivery to HHS. HHS is closed on Saturdays. Stip. of Facts ¶ 3. On Monday, December 15, 2014, after the statute of limitations had expired, FedEx delivered the package to HHS.

---

[3] Plaintiff's Opposition does not contain page numbers. As such, pin citations to the Opposition refer to the ECF pagination.

5

Litigants may have no way of knowing which "federal offices keep Saturday or Sunday hours, but know well that few do." *Frey v. Woodard*, 748 F.2d 173, 175 (3rd Cir. 1984)). Plaintiffs nonetheless contend that the attempted delivery on December 13, 2014 is sufficient under the FTCA because receipt in a postal mailbox has been deemed sufficient. Opp'n at 4 (citing *Gervais By & Through Bremner v. United States*, 865 F.2d 196, 197-98 (9th Cir. 1988)). The claimant in *Gervais* had mailed a request for reconsideration to the only address that had been provided by the agency that denied his claim: a postal office box. Unbeknownst to the claimant, the agency's address had changed; his claim had to be rerouted to the new address, which delayed delivery of the claim by several days. The *Gervais* court held that mail timely arriving in the postal box originally designated by the agency satisfied the tort claim statute of limitations because it timely arrived at the agency's designated address for receipt of such claims. The fact the mail was rerouted, and as a result was not collected and stamped "received" for several days afterwards, did not make the request for reconsideration untimely. *Id.* at 197. Once the mail had arrived in the postal box designated for that purpose, the agency was deemed to have "received" the claim. *Id.* at 197-98.

In contrast, Plaintiffs do not allege HHS received the claim on Saturday, that the claim was placed in HHS' mailbox on Saturday, or that HHS informed them they could use FedEx to deliver the claim over the weekend. The allegations show otherwise: FedEx telephoned Plaintiffs on Saturday to inform them that "the 'building was closed' and there was no way to drop off or deliver the package on Saturday, December 13, 2014." Aberegg Decl. ¶ 6. *Gervais* might apply if Defendant argued receipt of the claim by fax on December 13th at the number provided by Torres was not timely. But because FedEx did not deliver and HHS did not receive delivery of the tort claim until December 15, 2014, the claim was not presented to HHS until December 15, 2014—two days beyond the deadline.

## B. Equitable Tolling

Plaintiffs argue the statute of limitations should be equitably tolled. Plaintiffs have the burden of meeting a "very high" standard to establish equitable tolling applies. *See Bhatnagar v. United States*, 2015 WL 4760386, at *3, 9 (N.D. Cal. Aug. 12, 2015). Equitable tolling is

generally "not appropriate where a party is represented by counsel." *Id.* at *9. Plaintiffs have failed to allege facts sufficient to show that failure to timely present their tort claim was not in spite of their own diligence but the result of "extraordinary circumstances" that were outside of their control. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016).

### 1. Due Diligence

To invoke equitable tolling, Plaintiffs must first show that they have "pursued [their] rights diligently." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1631 (2015). The FTCA's statute of limitations does not wait until a plaintiff is aware that an alleged tort-feasor is a federal employee. *Skwira v. United States*, 344 F.3d 64, 76-77 (1st Cir. 2003). Counsel has a duty to determine a defendant's employment status to determine whether they are federal employees. *Norman v. Unites States*, 467 F.3d 773, 776 (D.C. Cir. 2006) ("At a minimum, due diligence requires reasonable efforts to learn the employment status of the defendant."). Indeed, "it is hard to understand why any lawyer . . . would not investigate the federal nature of potential defendants as part of standard due diligence in every medical malpractice case." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 145 (2d Cir. 2011).

Plaintiffs do not describe any of the steps they or their counsel took to learn the employment status of Dr. Fuong. As the United States points out, there are numerous ways they could have been aware that NEMS was federally funded, including searching HHS's online database of all community health clinics. "It's not asking too much of the medical malpractice bar to be aware of the existence of federally funded health centers that can be sued for malpractice only under the [FTCA]." *Arteaga v. United States*, 711 F.3d 828, 834 (7th Cir. 2013). Plaintiffs' only contention they "pursued their rights diligently" is that, after receiving the required tort claim forms from HHS, they "acted immediately" to submit the tort claims at the earliest possible date. Opp'n at 7. This eleventh-hour effort does not establish due diligence. Nor does the fact Plaintiffs sent the tort claim on Friday, December 12, 2014, via FedEx overnight shipping. If Plaintiffs had followed HHS' instructions and either faxed the copies directly to HHS at the number provided by Torres, or even arranged for same-day hand delivery at the agency, the tort claim would have been received prior to the expiration of the statute of limitations. *See* Torres Decl. ¶ 6. Failure to

investigate whether NEMS is a federally qualified health center and to timely deliver the tort claims to HHS despite HHS' instructions bars Plaintiffs from invoking equitable tolling because they fail to show they have "pursued [their] rights diligently." *Kwai Fun Wong*, 135 S. Ct. at 1631 (citation omitted); *see also Okafor v. United States*, 846 F.3d 337 (9th Cir. 2017) (where DEA informed plaintiff by written notice that he could contest forfeiture by filing a claim by June 5, 2013, and counsel delivered claim to FedEx for overnight delivery on June 4, 2013, equitable tolling did not apply when FedEx failed to deliver the claim until June 6, 2013: "FedEx's purported delivery delay does not constitute the kind of extraordinary circumstance that we have found to justify equitable tolling. We have noted that an attorney's filing by mail shortly before a deadline expires constitutes routine negligence.")

2. <u>Extraordinary Circumstances/HHS' Bad Faith</u>

An extraordinary circumstance is one beyond Plaintiffs' control that made it "impossible" to comply with the FTCA presentation deadline. *Kwai Fun Wong*, 732 F.3d at 1052. When a deadline is "missed as a result of ordinary excusable neglect, including attorney negligence, equitable tolling is not justified." *Quick Korner Mkt. v. U.S. Dep't of Agric., Food & Nutrition Serv.*, 180 F. Supp. 3d 683, 693 (S.D. Cal. 2016) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Plaintiffs appear to argue that equitable tolling applies because HHS concealed information from them, namely, the need to file claim forms. Opp'n at 6.

No physician, clinic, hospital, or other medical provider is required to provide patients with detailed instructions on how to sue the provider for malpractice. *Arteaga*, 711 F.3d at 834. Nevertheless, on December 11, 2014, two days prior to the tort claim deadline, HHS *emailed* Plaintiffs' counsel a courtesy letter notifying counsel that the required tort claim form had not been completed, and providing instructions on how to do so, and a fax number at which the form could be sent. Torres Decl. ¶¶ 3-6. Plaintiffs suggest it is "possible that HHS believed December 11, 2012 was the accrual date," implying that HHS was acting in bad faith, and "waited until December 11th to send the letter informing plaintiffs' attorney of the need for claim forms." Opp'n at 7. This argument is completely unsupported by the record. Torres declares that she responded to Plaintiffs' counsel within two days of receiving from NEMS Plaintiffs' December 8,

2014 letter. Torres also describes HHS' practice of sending courtesy letters to inform claimants of the claims presentation requirements, including instructions. The record thus does not support Plaintiffs' suggestion that the statute of limitation should be tolled because of HHS' bad faith. *See* Opp'n at 7 ("Even if this doesn't rise to the level of deliberate concealment, it seems wrong to penalize the plaintiff for the HHS's failure to act.") Based on this record, it is Plaintiffs—not HHS—who failed to act.

### C.     Rule 6(a)

Rule 6(a) excludes from the computation period the day of accrual, and includes the last day unless the last day falls on Saturdays, Sundays, and legal holidays. Fed. R. Civ. P. 6(a)(1)(C). This method of computing time applies to, among other things, "any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a).

Plaintiffs argue the applicable two-year period for presenting their claim should be computed using this Rule. *See* Opp'n at 7-9. If Rule 6(a) applies, the deadline for presenting their claim would be extended from Saturday to Monday, and their claim would be timely. They argue this case is similar to *Frey v. Woodard*, 748 F.2d 173 (3rd Cir. 1984), where the plaintiff presented an FTCA claim the Monday after the two-year statute of limitations had expired the Saturday before. *See* Opp'n at 7-9 (discussing *Frey*, 748 F.2d at 174-75). Because Section 2401(b) does not contain a computation rule, "does not say whether the day of the liability causing event is included or excluded[,]" and "says nothing about weekends or holidays at the end of the two-year period[,]" the *Frey* Court held that applying Rule 6(a) to calculate the two-year period under Section 2401(b) provided certainty and uniformity to claimants. *Id*. at 175. Plaintiffs cite no opinions from Ninth Circuit courts addressing *Frey* on this particular issue (*see* Opp'n at 7-9); however, courts in other Circuits have applied Rule 6(a) to the two-year presentation deadline imposed by Section 2401(b). *See Maahs v. United States*, 840 F.2d 863, 864-67 (11th Cir. 1988) (applying Rule 6(a) to two-year statute of limitations in Section 2401(b)); *Kirby v. United States*, 479 F. Supp. 863, 864-66 (D. S.C. 1979) (Rule 6(a) applies to FTCA's two-year presentation requirement). This approach is consistent with Rule 6(a)'s provision that it applies "in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a).

Defendant attempts to distinguish *Frey* on the ground that *Frey* focused on whether applying Rule 6 to the FTCA would "'offend [] Fed. R. Civ. P. 82, by utilizing a Rule to expand the jurisdiction of the district court.'"[4] Reply at 8 (quoting *Frey*, 748 F.2d at 175). Defendant focuses instead on the more simple question of whether the Federal Rules of Civil Procedure apply to administrative proceedings generally. *See* Reply at 8-9. Under its reasoning, Rule 6(a) would apply to the six-month period a claimant has to file suit in district court (*Hart v. United States*, 817 F.2d 78, 80 (9th Cir. 1987)), and not to the two-year statute of limitations Plaintiffs had to present their tort claim to HHS. *See* Mot. at 4. Defendant's position is not unreasonable, but the Court nevertheless concludes Rule 6(a) applies to the two-year FTCA claim-presentation deadline. As noted, Rule 6(a) specifies that it applies "in computing any time period specified in these rules, in any local rule or court order, *or in any statute that does not specify a method of computing time*." Fed. R. Civ. P. 6(a) (emphasis added); *cf.* Adv. Comm. Note (2009 Amendments) (Rule 6(a) "does not apply when computing a time period set by a statute if the statute specifies a method for computing time."). The FTCA does not specify a method of computing time for the two-year presentation requirement, and Defendant cites no case law where a court has found Rule 6(a) did not apply to the two-year deadline for presenting a claim under Section 2104(b). *Cf. Steele*, 390 F. Supp. at 1111 (raising question whether Rule 6(a) applies to FTCA presentation period "which has been held to be a substantive statute" but not reaching the issue because claim untimely even under Rule 6(a)). The authorities cited by Defendant do not address the computation of time, but rather the availability of civil discovery in administrative proceedings.[5] As this is not an

---

[4] Rule 82 provides in part that "[t]hese rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts." Fed. R. Civ. P. 82.

[5] *See* Reply at 8 & n.7 (citing *Kelly v. U.S. Envtl. Protection Agency*, 203 519, 523 (7th Cir. 2000) (there is no right to pretrial discovery in administrative proceedings); *N.L.R.B. v. Vista Del Sol Health Servs., Inc.*, 40 F. Supp. 3d 1238, 1255 n. 58 (C.D. Cal. 2014) (Federal Rules of Civil Procedure do not govern NLRB investigations); *Moore v. Adm'rs, Veterans Admin.*, 475 F.2d 1283, 1286 (D.C. Cir. 1973) (discovery provisions of the Federal Rules of Civil Procedure do not apply to administrative proceedings). *Hatchell v. United States*, 776 F.2d 244 (9th Cir. 1985) is also inapposite. *See* Mot. at 5; Reply at 8-9. In *Hatchell*, the Ninth Circuit decided Rule 6(e), which adds three days to a period prescribed by statute where notice is served by mail, because 28 U.S.C. § 2401(b) specified the claim period ran from "the date of mailing" and specifically not from "the service of notice." *Hatchell*, 776 F.2d at 246. "In the face of clear statutory language" contained in Section 2401(b), Rule 6(e) was "not applicable." *Id*. There is no such "clear

administrative proceeding and as discovery is not at issue, Defendant's authorities do not apply. This Court will apply Rule 6(a) absent binding or even persuasive authority to the contrary. *See, e.g.*, *United States v. Cia Luz Stearica*, 181 F.2d 695, 697 (9th Cir. 1950) ("Since [Rule 6(a)] had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable to" the statutory deadline for appealing to court of appeals (quoting *Union Nat'l Bank v. Lamb*, 337 U.S. 38, 40-41 (1949))). The Court acknowledges the United States' waiver of sovereignty must be narrowly construed,[6] but Rule 6(a) does not "enlarge the time" for filing a claim, it "merely declares a rule of statutory construction having widespread judicial sanction, federal as well as state." *Id*. at 696; *see also* 48 Wright & Miller, Federal Practice and Procedure § 1163 (2017) (describing as "somewhat metaphysical" the minority view position that Rule 6(a) "applies only to the measurement of time periods pertaining to facets of previously commenced litigation and therefore it has no relevance to the computation of the timeliness of the action itself" and observing that it "is difficult to perceive how a legitimate governmental interest would be prejudiced by application of the Rule 6 exclusion of final Saturdays, Sundays, and legal holidays to federal statutes of limitations.").

## CONCLUSION

Based on the forgoing analysis, the Court **DENIES** the United States' Motion to Dismiss. The United States shall respond to the SAC no later than 21 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: June 8, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

statutory language" making Rule 6(a) inapplicable in the case at bar.
[6] Timely presentation of an administrative claim to the appropriate agency is a jurisdictional prerequisite to suit. *McNeil v. United States*, 508 U.S. 106 (1993); *Meridian Intern. Logistics, Inc. v. United States*, 939 F.2d 740 (9th Cir. 1991). "Section 2401(b) . . . is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." *United States v. Kubrick*, 444 U.S. 111, 117 (1979).